# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SWAMIJI SRI SELVAM SIDDHAR, : | |
| a/k/a DR. COMMANDER SELVAM : | |
| a/k/a ANNAMALAI ANNAMALAI, : | |
| BOP ID 56820-379, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:16-CV-1373-TWT-CMS |
| JACQUELINE H. REYNOLDS, : | |
|     Defendant. : | |

## **FINAL REPORT AND RECOMMENDATION**

On August 25, 2014, the Plaintiff was convicted on all thirty-three counts of a Second Superseding Indictment charging him with, *inter alia*, bank fraud, tax fraud, bankruptcy fraud, money laundering, obstruction of justice, and conspiracy to defraud the United States in connection with the formation and operation of the Hindu Temple and Community Center of Georgia, Inc. (the "Hindu Temple"). *See United States v. Annamalai*, No. 1:13-CR-437-1-TCB (N.D. Ga. Nov. 5, 2013) ("*Criminal Case*") (Docs. 86 (Second Superseding Indictment) & 207 (Jury Verdict) therein).

The Plaintiff was sentenced to a 327-month term of imprisonment. *See Criminal Case* (Doc. 355 (Judgment and Commitment) therein). The Judgment and Commitment further provided that:

> The Court ORDERS that during the defendant's period of incarceration, . . . the defendant shall not file frivolous, abusive, or malicious lawsuits against (1) former customers of the Hindu Temple and related entities, and victims of his criminal schemes; (2) parties, creditors, the Trustee, lawyers, and court personnel involved in the Hindu Temple's bankruptcy case; and (3) attorneys, government agents, the jury, and court personnel involved in the criminal case.

*Id.*

After the entry of the Judgment and Commitment, the Plaintiff filed an enormous number of frivolous motions in the Criminal Case seeking to relitigate it.  This prompted the district judge to order the Plaintiff to show cause why a filing injunction should not issue and then to issue a filing injunction.  *See Criminal Case* (Docs. 445 & 485 therein).

This year, the Plaintiff began filing civil lawsuits in other federal districts targeting as defendants persons involved in the *Criminal Case* against whom the Judgment and Commitment prohibited him from filing frivolous, abusive, or malicious lawsuits.

In the first such case transferred to this Court, the undersigned issued an Order directing the Plaintiff to show cause "why (A) this case should not be dismissed as having been filed in violation of the Judgment and Commitment and (B) he should not be sanctioned for such violation."

*Siddhar v. Prathap*, No. 1:16-CV-603-TWT (N.D. Ga. 2016) ("*Prathap Case*") (Doc. 9 therein). The Plaintiff voluntarily withdrew that lawsuit. *See Prathap Case* (Doc. 11 therein).

In this case – the second such case transferred to this Court – the undersigned issued substantially the same Order directing the Plaintiff to show cause "why (A) this case should not be dismissed as having been filed in violation of the Judgment and Commitment and (B) he should not be sanctioned for such violation." (Doc. 7 at 3). The undersigned specifically advised the Plaintiff that "failure to comply fully with any court order [might] result in dismissal of this case. *Id.* (citing LR 41.3A(2), NDGa.).

Identifying himself as the "VICTIM," the Plaintiff now purports not to understand how the Judgment and Commitment in the *Criminal Case* applies to Jacqueline Reynolds, an IRS agent involved in his prosecution. (Doc. 8 at 1-2). The Plaintiff then posits a series of questions that he demands the Court answer. *Id.* at 2-3.

Because this is non-responsive to the Show Cause Order and thus fails to comply fully with its requirements, the undersigned

3

**RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.  *See* LR 41.3A(2), NDGa.

If the Plaintiff elects to refile this lawsuit in the future, he should be prepared to show cause as part of that filing why a lawsuit against Agent Reynolds does not violate the Judgment and Commitment in the *Criminal Case* and why he should not be sanctioned for filing it pursuant to Federal Rule of Civil Procedure 11(c).

The Plaintiff's "Motion for Clarification of 'Order'" (Doc. 8) is **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED, ORDERED and DIRECTED**, this 3rd day of June, 2016.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE